UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COLLEEN HOPKINS,
KATHRYN DiSALVO, and
DOUGLAS MORRIS, Executor of the Estate of
  Margaret Morris,
                                                                                    REPORT
                            Plaintiffs and Counter Defendants,                      and
          v.                                                                        RECOMMENDATION

JOHN S. BOOTH, III,                                                                 16-CV-01020V(F)

                            Defendant and Counter Claimant.
_____

APPEARANCES:            IZZO LAW OFFICE PLLC
                        Attorneys for Plaintiffs and Counter Defendants
                        JANET M. IZZO, of Counsel
                        205 South Salina Street
                        Suite 403
                        Syracuse, New York  13202

                        DeFRANCISCO & FALGIATANO, LLP
                        Attorneys for Plaintiffs and Counter Defendants
                        JEAN MARIE WESTLAKE, of Counsel
                        6739 Myers Road
                        East Syracuse, New York  13057

                        JULES ZACHER, P.C.
                        Attorneys for Plaintiffs and Counter Defendants
                        JULES ZACHER, of Counsel
                        1601 Walnut Street
                        Suite 707
                        Philadelphia, Pennsylvania  19102

                        GOLDBERG SEGALLA LLP
                        Attorneys for Defendant and Counter Claimant
                        JOSEPH J. WELTER, and
                        JASON A. BOTTICELLI, of Counsel
                        665 Main Street, Suite 400
                        Buffalo, New York  14203

## JURISDICTION

On August 21, 2017, this case was referred to the undersigned by Honorable Lawrence J. Vilardo, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Plaintiffs' motion to dismiss Defendant's first amended counterclaim (Dkt. 26), filed January 26, 2018.

## BACKGROUND

In this personal injury action based on diversity, filed December 21, 2016, Plaintiffs seek to recover for personal injuries and the wrongful death of their decedent resulting from Legionella bacteria to which Plaintiffs maintain they were exposed while staying in a rental property owned by Defendant.  On August 8, 2017, Plaintiffs filed the Amended Complaint (Dkt. 12) ("Amended Complaint"), asserting claims for negligence, Amended Complaint ¶¶ 20-25 ("negligence claim"), and wrongful death, *id.* ¶¶ 30-33 ("wrongful death claim").[1]  On December 4, 2017, Defendant filed an answer, and on January 16, 2018, Defendant filed the First Amended Answer to First Amended Complaint (Dkt. 22) ("Amended Answer"), containing nine affirmative defenses and, as relevant here, a counterclaim for contributory negligence that is also denominated as Defendant's Tenth Affirmative Defense.  Amended Answer ¶¶ 16-23 ("counterclaim").

On January 26, 2018, Plaintiffs filed the instant motion to dismiss the counterclaim (Dkt. 26) ("Plaintiffs' Motion"), attaching the Memorandum of Law in

---

[1] A claim for negligence *per se*, Amended Complaint ¶¶ 26-29, was dismissed for failure to state a claim. *See Hopkins v. Booth*, 2017 WL 5574027, at * 5 (W.D.N.Y. Nov. 20, 2017), *report and recommendation adopted*, 2018 WL 451822, at * 1 (W.D.N.Y. Jan. 17, 2018).

Support of Plaintiffs' Motion to Dismiss Defendant's 1st Amended Counterclaim

Pursuant to Fed.R.Civ.Proc. 12(b)(6) ("Plaintiffs' Memorandum").  On February 23,

2018, Defendant filed the Memorandum of Law in Opposition to Plaintiffs' Motion to

Dismiss Defendant's Counterclaim (Dkt. 29) ("Defendant's Memorandum").  On March

2, 2018, Plaintiffs filed their Sur-Reply in Support of Plaintiffs' Motion to Dismiss

Defendant's 1st Amended Counterclaim Pursuant to Fed.R.Civ.Proc. 12(b)(6) (Dkt. 30)

("Plaintiffs' Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiffs' motion should be GRANTED.


## FACTS[2]

On March 1, 2016, Plaintiff Kathryn DiSalvo ("DiSalvo"), signed a rental

agreement ("the Lease"),[3] to rent from Defendant John S. Booth, III ("Defendant" or

"Booth"), for the period August 28 to September 4, 2016, a vacation rental property ("the

Lakehouse"), owned by Defendant and located at 311 North Shore Road in Cuba Lake,

New York.  The Lease contains, *inter alia*, a "Hold Harmless" clause, providing

> Owner [Booth][4] does not assume any liability for loss, damage or injury to
> persons or their personal property. . . .  Nor will owner accept liability for any loss
> or damage caused by weather conditions, natural disasters, acts of God, or other
> reasons beyond its control.

Lease ¶ 9.

The Lease further provides DiSalvo

> fully releases and discharges Owner from any and all valid claims, demands, and
> causes of action by reason of any injury or [*sic*] whatever nature which has or
> have occurred, or may occur to [DiSalvo] or any of his/her guests as a result of,

---

[2] Taken from the pleadings and motion papers filed in this action.
[3] Filed as Dkt. 22-1, and as Exh. A to Dkt. 29 at 12-14.
[4] Unless otherwise indicated, bracketed material has been added.

or in connection with the occupancy of the premises and agrees to hold Owner free and harmless of any claim or suit arising there from [*sic*].

Lease ¶ 10.

Among the accommodations available for use of guests at the Lakehouse was a hot tub.

Between August 29 and September 4, 2016, DiSalvo, one Colleen Hopkins ("Hopkins"), and Hopkins's mother Margaret Morris ("Morris") (together, "Plaintiffs"), as DiSalvo's guests, were business invitees at the Lakehouse, and made use of the hot tub, as well as the water facilities for showering, bathing, and consumption. Either during their stay or within a couple of days thereafter, each of the three Plaintiffs developed symptoms consistent with Legionnaires' disease, a severe form of pneumonia, including shortness of breath, coughing, chills, and fever, for which both DiSalvo and Morris required hospitalization, with Morris dying from the disease on September 15, 2016.[5] Because the incubation period for Legionnaires' disease is between two and ten days after the Legionella bacteria enters the body, Plaintiffs attribute their bouts of Legionnaires' disease to exposure to Legionella bacteria they maintain was present in the potable water systems at the Lakehouse, including shower facilities, the hot tub, and drinking water.

---

[5] Subsequent to Morris's death on September 15, 2016, her son, Douglas Morris, was appointed executor of her estate, the capacity in which Douglas Morris pursues Morris's claims in this action.

## DISCUSSION

In his counterclaim, Defendant asserts that not only was he an "out of possession landlord" with no obligation to enter the property to check on the hot tub[6] while Plaintiffs were in possession of the Lakehouse, but pursuant to ¶¶ 9 and 10 of the Lease, Defendant did not assume any liability for personal injury, and Plaintiffs agreed to hold Defendant harmless for any injury sustained in connection with their use of the Lakehouse.  Counterclaim ¶¶ 19-20.  According to Defendant, the Lakehouse, including the hot tub, was cleaned prior to Plaintiffs taking possession of it with the chemicals in the hot tub's water properly balanced such that the presence of any Legionella bacteria in the hot tub did not arise until after Plaintiffs took possession of, and thus assumed responsibility for, the Lakehouse.  Id. ¶¶ 17, 21.  Because test strips were provided for Plaintiffs to check that water in the hot tub remained chemically balanced, id., ¶ 18, any exposure to Legionella bacteria in the hot tub is attributed to Plaintiff's failure to monitor and maintain the hot tub, id. ¶ 21, such that should Plaintiffs recover a judgment against Defendant, Defendant is entitled to indemnification or contribution from Plaintiffs for such recovery.  Id. ¶¶ 22-23.

Plaintiffs argue in support of dismissing the counterclaim that although contributory negligence may be asserted as an affirmative defense, contributory negligence cannot sustain an independent cause of action because Defendant cannot demonstrate Plaintiffs owed any duty to Defendant, the breach of which resulted in any injury or damages to Defendant.  Plaintiff's Memorandum at 5-7.  According to Plaintiffs,

---

[6] Plaintiffs have focused on the hot tub as the likely source of the Legionella bacteria to which they maintain they were exposed while at the Lakehouse, despite alleging that Legionella bacteria was present in the Lakehouse's "potable water system," including the "showers, bathtubs, faucets, sinks, and other fixtures," Amended Complaint ¶ 12, as well as in the hot tub.  Id. ¶ 13.

there is no legally recognized duty that guests, as business invitees, at a rental property

owe to one another or to the property owner to properly maintain the premises. *Id.* In

opposition, Defendant argues that under New York law Defendant, as an out of

possession landlord, can only be held liable for injuries occurring on the premises over

which the landlord retains "sufficient control" or, with regard to liability to third parties,

the out of possession landlord violates a statute or affirmatively creates the dangerous

condition. Defendant's Memorandum at 3-5. Defendant maintains that because only

DiSalvo signed the Lease, the other Plaintiffs were third parties to the Lease requiring

violation of a statute for Defendant to be liable to them or that Defendant have created

the dangerous condition that caused them to contract Legionnaires' disease. *Id.* at 4-5.

In further support of dismissal, Plaintiffs argue neither DiSalvo nor the other Plaintiffs

breached any duty owed to Defendant such that Defendant can prove no facts entitling

him to relief on the counterclaim, Plaintiffs' Reply at 2-3, Defendant's assertion that no

Legionella bacteria was present at the Lakehouse prior to the commencement of the

Lease, such that the bacteria propagated only after Plaintiffs took sole possession of the

Lakehouse is not plausible, *id.* at 3, and Defendant affirmatively created a dangerous

condition by installing at the Lakehouse the hot tub in which Defendant then allowed

Legionella bacteria to propagate establishing that Defendant, not Plaintiffs, created the

liability for negligence upon which Plaintiffs' claims are based, and legally fatal to

Defendant's counterclaim. *Id.* at 4-5.

The court's consideration of a motion to dismiss a counterclaim is identical to a

motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) ("Rule

12(b)(6)"). *See Cayuga Indian Nation of New York v. Seneca County, New York*, 260

F.Supp.3d 290, 307-08 (W.D.N.Y. 2017) (considering motion to dismiss counterclaim pursuant to standard for dismissal for failure to state a claim under Rule 12(b)(6)).  On a motion to dismiss, the court's consideration generally is limited to the four corners of the complaint; if matters outside the pleadings are presented and the court relies on such matters in deciding the motion, the motion must be converted to one for summary judgment with notice of the conversion provided to the non-movant.  *See* Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  "In ruling on a 12(b)(6) motion, and thus on a 12(c) motion, a court may consider the complaint as well as 'any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference.'"  *Kalyanaram v. American Ass'n of University Professors at New York Institute of Technology, Inc.*, 742 F.3d 42, 44 n. 1 (2d Cir. 2014) (quoting *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001)) (bracketed material in original).  On a motion for judgment on the pleadings, " 'a court may consider ... matters of which judicial notice may be taken, [and] documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'"  *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted; bracketed material and ellipses in original)).  Accordingly, in the instant case, the court in considering Plaintiffs' Motion, may rely on the Lease Defendant attached to the Amended Answer and to which Defendant's counterclaim refers.

    In considering a Rule 12(b)(6) motion, the Supreme Court requires application of "a 'plausibility standard' which is guided by '[t]wo working principles.'"  *Harris v. Mills*,

572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "First, although a 'court must accept as true all of the allegations contained in a complaint,' that 'tenet' is 'inapplicable to legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Id.* at 72 (quoting *Iqbal*, 556 U.S. at 678).  "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Id.*  (quoting *Iqbal*, 556 U.S. at 679).

To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678); *see Twombly*, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim to relief that is plausible on its face").  The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 570.

Because the personal injury on which the action is before the court on the basis of diversity occurred in New York, New York law applies, *Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999) (in tort action based on diversity, New York law applies the

law of the place of the tort), and the parties do not argue otherwise.  Insofar as

Defendant's counterclaim alleges Plaintiffs were negligent in failing to check and

properly balance the hot tub chemicals, thereby permitting the propagation of the

Legionella bacteria that caused Plaintiffs to contract Legionnaires' disease, it is well-

settled that to prevail on his counterclaim for negligence, Defendant must allege (1)

Plaintiffs owed Defendant a duty; (2) Plaintiffs breached such duty; (3) and such breach

was the proximate cause of injury to Defendant.  *Pasternack v. Laboratory Corp. of*

*America Holdings*, 59 N.E.3d 485, 490 (N.Y. 2016) (citing *Solomon v. City of New York*,

489 N.E.2d 1294, 1294-95 (N.Y. 1985)).  "In the absence of a duty, as a matter of law,

there can be no liability."  *Id.*  Further, "[t]he definition and scope of an alleged

tortfeasor's duty owed to a plaintiff is a question of law."  *Id.*  (citing cases).  Here,

Defendant does not specifically allege Plaintiffs owed him any duty, and in none of the

cases on which Defendant relies, Defendant's Memorandum at 4, were damages

awarded on a negligence counterclaim based on a tenant's breach of a duty to the

defendant landlord.  *See Ferro v. Burton*, 846 N.Y.S.2d 850, 852 (4th Dep't 2007)

(granting summary judgment to defendant landlord in action for personal injuries

sustained by tenant's employee where undisputed facts established landlord had

relinquished control of property to tenant); and *Schwegler v. City of Niagara Falls*, 801

N.Y.S.2d 873, 876 (4th Dep't 2005) (granting summary judgment to defendants landlord

and festival organizer in action for personal injuries sustained by guest on property

where undisputed evidence established landlord did not retain sufficient control of

premises to be liable for defective condition, and such condition was not created by

festival organizer).  Insofar as Defendant also relies on ¶¶ 9 and 10 of the Lease

requiring DiSalvo, as signatory to the Lease, agree to indemnify and hold harmless

Defendant for any harm sustained by DiSalvo or the other Plaintiffs as a result of

Plaintiffs' stay at the Lakehouse as the basis for Defendant's negligence counterclaim,

Defendants' Memorandum at 3-5, Defendant points to no applicable case law holding a

hold harmless clause or indemnification provision in a lease for real property creates a

duty on the part of the tenant but, rather, only provides for indemnification or

contribution by DiSalvo should it ultimately be determined Plaintiffs contracted

Legionnaires' disease while staying at the Lakehouse, and that some of the fault was

attributable to DiSalvo.  *See*, *cf.*, *Zdrojeski v. Gramercy Court Associates*, 600 N.Y.S.2d

499, 500 (2d Dep't 1993) (construing "hold harmless" clause in construction contract as

not requiring contractor to hold owner of premises harmless for personal injuries

sustained by employee of subcontractor when angry mob stormed construction site in

the absence of any fault on the part of the contractor).  Nor does Defendant allege he

sustained any injuries as a result of any breach of duty by Plaintiffs.  Accordingly, the

counterclaim should be DISMISSED for failing to state a claim.

Plaintiffs' additional arguments, including that it is implausible the propagation of

the Legionella bacteria occurred after Plaintiffs took possession of the Lakehouse,

Plaintiffs' Reply at 3, and that Defendant created a dangerous condition at the

Lakehouse when he installed the hot tub, *id.* at 4, require resolution of disputed facts

and, as such, cannot be considered on the instant motion to dismiss for failure to state a

claim.  *See Barrows v. Burwell*, 777 F.3d 106, 113-16 (2d Cir. 2015) (vacating district

court's determination on Rule 12(b)(6) motion to dismiss dispositive issue which turned

on disputed issue of fact and remanding matter for discovery and possible summary

judgment motions).  Nevertheless, although the undersigned is recommending dismissal of the counterclaim for failing to state Plaintiffs breached a duty, resulting in injuries to Defendant, the counterclaim should be permitted to proceed under its alternative denomination as Defendant's Tenth Affirmative Defense for contribution and indemnification.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' motion (Dkt. 26) should be GRANTED; Defendant's counterclaim should be DISMISSED for failure to state a claim.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    February 20, 2019
        Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     February 20, 2019
                  Buffalo, New York